RAHN v RAHN

Ohio Appeals, 2nd Dist, Darke Co

No 424. Decided Nov 9, 1933

Billingsley & Mannix, Greenville, for plaintiff in error.

Murphy & Staley, Greenville, and George W. Porter, Greenville, for defendant in error.

## OPINION

By KUNKLE, J.

We have considered the record in this case, together with the briefs of counsel, with considerable care but shall not attempt to discuss the testimony in detail.

This will be unnecessary as counsel are thoroughly familiar with the same. The court granted plaintiff in error a divorce as prayed for in her petition on the ground of habitual drunkenness for more than three years prior to the filing of the petition.

Counsel for plaintiff in their oral argument, as well as in the brief, insist that plaintiff was entitled to a divorce upon the ground of gross neglect of duty and extreme cruelty.

A divorce was the relief which the plaintiff sought in her petition and while we might, from a review of the evidence, think there was evidence in the record supporting the charge of gross neglect of duty and also of extreme cruelty, we do not see how the plaintiff was prejudiced by the court basing the decree for divorce upon the ground which it did. A decree was the relief sought and this was secured by plaintiff. The decree is as effectual upon that one ground as it would be had the court assigned additional grounds.

The court among other things in its final entry found as follows:

The court does further find that prior to the filing of this action, the defendant transferred and conveyed to the plaintiff, Beatrice Rahn, Liberty Loan bonds of the value of seventy-two thousand ($72,000.00) dollars for the use and benefit of the plaintiff and the minor children, and that at the time of the filing of the petition herein, the plaintiff still had in her possession sixty-six thousand ($66,000.00) dollars. The court further finds that the income of the plaintiff, derived from said bonds so held in her possession at the time of the commencement of this action is two thousand eight hundred and five ($2,805.00) dollars per year. The court does further find that at the time of the commencement of this action, the defendant had the sum of thirty-five thousand five hundred ($35 500.00) dollars in United States Liberty Loan bonds and five thousand ($5,000.00) dollars on deposit in the Hilltop Building & Loan Association, Columbus, Ohio, and that the defendant also held the legal title to the residence property, located on East Fourth Street in the City of Greenville, Ohio; and that said residence property represented an investment of more than twenty thousand ($20,000.00) dollars, but that its present value is from ten thousand to twelve thousand dollars.

The court further finds upon the evidence adduced that the title and possession of said sixty-six thousand ($66,000.00) dollars of bonds should remain in the plaintiff, without condition or restriction. The court further finds upon the evidence adduced and by reason of the previous conveyance and transfer of bonds, said defendant shall not be required to transfer or set aside any additional amount for the support and maintenance of the plaintiff or for the minor children, but that the plaintiff shall be entitled to the right to use said residential property, located on part lots 194 and 195, in the City of Greenville, Ohio, for a residence for herself and the minor children until the youngest child reaches the age of majority, at which time the said plaintiff and her children are to surrender the possession and use and occupancy of said residence to the defendant. The court further finds that by reason of the previous conveyances and transfers made by the defendant to the plaintiff, the said defendant is—until further order of the court—absolved and released from other or further contribution for the support, care and maintenance and education of said minor children.

Without quoting the testimony in detail we are of opinion that the findings of the trial court as contained in the entry in reference to the property owned by the respective parties is supported by the evidence.

Complaint is made by plaintiff as to the judgment of the court in reference to the property owned by defendant and particularly in reference to the disposition that was made of what is known as the residence property.

Serious complaint is also made by counsel for plaintiff as to certain remarks made by the trial court during the hearing of the case wherein he gave his reasons for rejecting certain testimony offered by coun-

sel for plaintiff, especially the testimony relating to the habits of defendant and in regard to the extent to which he had dissipated his property.

Objection is also seriously urged by counsel for plaintiff to the refusal of the trial court to admit evidence as to the amount of money the defendant had during the years preceding this hearing.

Without attempting to quote such objections in detail we think it sufficient to say that if we had been sitting as trial judges we doubtless would have been more liberal in admitting evidence of this nature. We doubtless would have admitted such testimony solely for the purpose of obtaining a complete picture of the doings of these parties during their married life. This testimony would also have been admissible upon cross examination, had there been any dispute as to the amount or value of the property owned by defendant at the time of the hearing of the divorce case. We do not understand, however, that there was any substantial dispute as to the amount of property then owned by defendant.

We doubtless would have been more liberal in the admission of testimony had we been sitting as a trial court, but we are not prepared to say that the rulings of the trial court were prejudicial.

Sec 11990 GC defines the duties of a trial court when a divorce is granted the wife by reason of the aggression of the husband. This section provides:

"When a divorce is granted because of the husband's aggression, by force of the judgment, the wife shall be restored to all her lands, tenements and hereditaments, not previously disposed of, and the husband barred of all right of dower therein. If she so desires, the court shall restore her to any name she had before such marriage, **and allow such alimony out of her husband's property as it deems reasonable** having due regard to property which came to him by marriage and the value of his real and personal estate **at the time of the divorce."**

Sec 11991 GC provides how such alimony may be allowed.

The trial court after having granted the wife a divorce from the husband because of his aggression was authorized to allow such alimony as it **deems reasonable** having regard to the value of his real and personal estate **at the time of the divorce.** We do not think the trial court prejudiced the rights of plaintiff in refusing to admit testimony in reference to the amount of property which the defendant may have owned at some other time. The value of the property under the statute is to be fixed as of the time of granting the divorce.

Serious objection is also urged as to the disposition made of the "residence property." The trial court decreed that such property should be vested in the defendant subject only to the right of the plaintiff and her children to use and occupy the same until the youngest child reached the age of majority; and during such period of occupancy the defendant was ordered to pay all taxes which are charged against said property, but plaintiff was required to maintain and keep up the necessary repairs on said property. Upon failure to make such necessary repairs the court may order such done at plaintiff's expense.

The property was acquired and furnished as a home for the plaintiff and defendant and their children. We think this property should therefore be maintained as a home for the children during the minority of either of them and also for the plaintiff so long as she remains unmarried.

After both of these children attain their majority the defendant could not be required to maintain a home for them. If the plaintiff in error remarries, then a different situation arises and we do not think the defendant should be required to maintain a home for her after such changed relations.

Complaint is also made as to that portion of the decree which requires plaintiff to keep up the necessary repairs on such property.

Necessary repairs are required for the preservation of the property, and we think the defendant is interested to as great, if not a greater extent, in preserving the property than is the plaintiff and we therefore think such necessary repairs should be borne by defendant rather than by plaintiff. To avoid controversy between the parties the annual amount of such repairs should be fixed. If the plaintiff desires any repairs in excess of such fixed sum. she should make the same at her own expense.

Counsel are thoroughly familiar with this property. They know the same much better than the court, and they are in a better position to know what would be a fair and reasonable sum to be expended annually for the purpose of keeping this property in reasonable repair. We will ask them to agree upon a sum to be paid annually by defendant for the purpose of keeping the property in reasonable repair. If they are unable to

do so, we will; with whatever light we may have upon that subject, fix such amount. We are suggesting a fixed amount for the purpose of avoiding misunderstandings and trouble in the future between the parties, in reference to such reasonable repairs.

The provision in the judgment entry that plaintiff execute certain deeds within ten days from the date of such entry should be modified so as to require such deeds to be executed and delivered within thirty days from the date of the judgment entry in this court.

Counsel for plaintiff have stressed in their oral argument as well as in their brief the fact that the defendant is liable by reason of his habits to dissipate the remainder of his property. The record contains certain testimony which tends to show that the suggestion of counsel for plaintiff is not without some foundation.

If this suggestion is well taken there is an appropriate proceeding to determine that question. If he is not able to care for his property that question can be presented in a case wherein such issue is made and a suitable person can be appointed in a proper court, to preserve his property for the benefit not only of himself but others who may be interested therein.

From a consideration of the entire record, we would not feel warranted in disturbing the judgment of the lower court except in the respects above indicated.

The decree in the lower court will, therefore, be modified to the extent herein suggested and as so modified will be affirmed.

BARNES, J, concurs.

HORNBECK, PJ, dissents.

### DISSENTING OPINION

By HORNBECK, PJ.

The alimony awarded the plaintiff may have been liberal; the action respecting the minor children may have been proper and fitting, but the record, in my judgment, was not, in view of the nature of the testimony sought to be proffered, complete enough to permit a proper discretionary determination of these questions.

Reckless dissipation of his money by plaintiff, if shown and if made to appear might continue, was competent and relevant testimony upon the ultimate question for determination, especially as relates to assured support of minor children.